STAPLETON, J.,
dissenting:
I respectfully dissent.
In order to fashion a rational scheme from the Pennsylvania statutes pertaining to voluntary uninsured/under insured motorist coverage, I predict that the Supreme Court of Pennsylvania would hold that “[u]nder 75 Pa. Cons.Stat. § 1731(a) (1997), the amount of UM coverage is automatically equal to the bodily injury of a policy unless the insured effectively exercises the option to lower or waive such coverage.” Travelers Indem. Co. of Illinois v. DiBartolo, 171 F.3d 168, 170 (3d Cir.1999). Further, I think it clear that in order for there to be an effective exercise of the option to lower the UM coverage, there must be a written request signed by “a named insured.” 75 Pa. Cons.Stat. Ann. § 1734 (1999). The more difficult issue presented is how these principles would be applied by the Pennsylvania Supreme Court in the factual setting of this case, one that must be quite common.
Prior to July 10, 1995, Saverio Buffetta was the sole named insured under Nationwide’s policy No. 5837B93654. While he was the named insured, he elected in writing to have UM coverage lower than his bodily injury limits. On July 10, 1995, he ceased to have any interest in the policy, and Rosetta Buffetta, having purchased a car from Saverio and having orally requested continuation of the insurance cov *643 erage on that vehicle, became the sole named insured. Because a central purpose of the statutory scheme is to focus the attention of a real party in interest on the issue of how much UM coverage should be secured, I believe the Pennsylvania Supreme Court would hold that Nationwide’s responsibilities to Rosetta were the same as they would have been had she applied for a new policy, given that she signed neither a waiver nor a reduction form. I would hold that Rosetta’s UM coverage is equal to her bodily injury cov-, erage.
I find this situation materially different from that involved in Kimball, where a daughter became an additional named insured on her mother’s policy and her mother’s earlier election of reduced UM coverage continued to be the effective UM coverage limits of the mother’s policy.